## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT JACKSON,

       Plaintiff,

v.                                       No. 1:16-CV-00504 MCA/GJF

THE GEO GROUP, INC., d/b/a
GUADALUPE COUNTY CORRECTIONAL
FACILITY; VINCENT HORTON (Warden);
and SANTIAGO CHAVEZ (Maintenance Supervisor),

       Defendants.

THE GEO GROUP, INC.; VINCENT
HORTON; and SANTIAGO CHAVEZ,

       Third-Party Plaintiffs,

v.

UPRIGHT, INC.; UNITED RENTALS, INC.;
as successor-by-merger to HORIZON HIGH
RENTALS, INC.; CORIZON HEALTH, INC.;
DR. TIMOTHY D. TRAPP, and JOHN DOES
1-100,

       Defendants.

## THIRD-PARTY DEFENDANT UNITED RENTALS, INC.'S ANSWER TO THIRD-PARTY COMPLAINT FOR INDEMNIFICATION AND CONTRIBUTION AND CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST UPRIGHT, INC.

Third-Party Defendant United Rentals, Inc., successor by merger of Horizon High Reach, Inc. ("United Rentals") hereby answers the Third-Party Complaint for Indemnification and Contribution ("Third-Party Complaint") brought against it by the GEO Group, Inc., Vincent Horton, and Santiago Chavez (collectively "GEO Defendants") as follows:

## I.      Parties

1.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Third Party Complaint and therefore denies them.

2452182.1

2.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Third Party Complaint and therefore denies them.

3.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Third Party Complaint and therefore denies them.

4.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Third Party Complaint and therefore denies them.

5.      United Rentals admits the allegations contained in Paragraph 5 of the Third Party Complaint.

6.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Third Party Complaint and therefore denies them.

7.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Third Party Complaint and therefore denies them.

8.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Third Party Complaint and therefore denies them.

## II.      Basis for Jurisdiction

9.      United Rentals admits the allegations contained in Paragraph 9 of the Third Party Complaint.

### III.   <u>Claims</u>

10.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Third Party Complaint and therefore denies them.

11.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Third Party Complaint and therefore denies them.

12.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Third Party Complaint and therefore denies them.

13.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Third Party Complaint and therefore denies them.

14.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Third Party Complaint and therefore denies them.

15.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Third Party Complaint and therefore denies them.

16.      United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Third Party Complaint and therefore denies them.

17.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Third Party Complaint and therefore denies them.

18.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Third Party Complaint and therefore denies them.

19.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Third Party Complaint and therefore denies them.

20.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Third Party Complaint and therefore denies them.

21.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Third Party Complaint and therefore denies them.

**<u>Claim I</u>:  <u>Indemnification and Contribution against UpRight and Horizon</u>**

22.     United Rentals incorporates by reference its answers to Paragraphs 1-21 of the Third Party Complaint as though fully set forth herein.

23.     United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Third Party Complaint and therefore denies them.

24.     United Rentals denies the allegations contained in Paragraph 24 of the Third Party Complaint.

25.     United Rentals denies the allegations contained in Paragraph 25 of the Third Party Complaint.

26.     United Rentals denies the allegations contained in Paragraph 26 of the Third Party Complaint.

27.     Paragraph 27 of the Third Party Complaint sets forth a legal of conclusion which cannot be admitted or denied.  To the extent any proper allegations are set forth in Paragraph 27, they are denied.

### Claim II:  Indemnification and Contribution against Corizon and Trapp

28.     The allegations in Paragraph 28 of the Third Party Complaint are not directed at United Rentals and thus require no response.   To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Third Party Complaint and therefore denies them.

29.     The allegations in Paragraph 29 of the Third Party Complaint are not directed at United Rentals and thus require no response.   To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Third Party Complaint and therefore denies them.

30.     The allegations in Paragraph 30 of the Third Party Complaint are not directed at United Rentals and thus require no response.   To the extent they require a response, United Rentals is without sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Third Party Complaint and therefore denies them.

31.     The allegations in Paragraph 31 of the Third Party Complaint are not directed at United Rentals and thus require no response.   To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Third Party Complaint and therefore denies them.

32.     The allegations in Paragraph 32 of the Third Party Complaint are not directed at United Rentals and thus require no response.  To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Third Party Complaint and therefore denies them.

33.     The allegations in Paragraph 33 of the Third Party Complaint are not directed at United Rentals and thus require no response.  To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Third Party Complaint and therefore denies them.

34.     The allegations in Paragraph 34 of the Third Party Complaint are not directed at United Rentals and thus require no response.  To the extent they require a response, United Rentals is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Third Party Complaint and therefore denies them.

**United Rentals Denies All Allegations Not Specifically Admitted Herein.**

**Prayer for Relief**

United Rentals denies that the GEO Defendants are entitled to any of the relief requested in Third-Party Plaintiff's Complaint or to attorney's fees and costs.

**AFFIRMATIVE DEFENSES**

1.     The GEO Defendants' Third-Party Complaint, in whole or in part, fails to state a claim against United Rentals upon which relief can be granted.

2.     The sole proximate cause of the alleged injuries and damages complained of in Plaintiff's Complaint was the act or acts of a third party or parties for which United Rentals is in no way liable or responsible.

3.     The contributing negligence and/or fault of third parties, which negligence may have been the proximate, contributing cause of the alleged injuries and damages to Plaintiff

Robert Jackson ("Plaintiff"), should be apportioned and any damages awarded against United Rentals pursuant to the Third-Party Complaint should be reduced by the percentages of fault found against third parties, and any award against United Rentals should be limited only to its own percentage of fault, which fault is denied.

4.      Plaintiff was negligent and said negligence proximately caused or contributed to cause the injuries and damages complained of in Plaintiff's Complaint, thereby reducing the amount of Plaintiff's damages by an amount proportionate to the degree of fault of Plaintiff.

5.      Any injuries or expenses sustained or incurred by Plaintiff were proximately caused in whole or in part by the conduct of, superseding or independent or intervening actions of, or one or more persons or entities other than United Rentals for whose conduct United Rentals is not responsible

6.      United Rentals did not breach any duty to Plaintiff.

7.      Any product placed into the stream of commerce by United Rentals that allegedly caused the damages claimed by Plaintiff was in the custody and control of other parties at all times material hereto, and that intervening cause and the sole proximate cause of the alleged injuries and damages giving rise to Plaintiff's Complaint was the failure of said parties, their employees, and/or agents to manufacture, inspect, maintain, and use the product properly.

8.      If it is determined that the product at issue was changed or altered after United Rentals sold the product to the GEO Defendants, and the change or alteration caused the accident at issue, United Rentals is not liable for the accident, injuries and damages at issue.

9.      The liability of United Rentals to the GEO Defendants, if any, all of which is expressly denied, is limited by the limitations contained in the terms and conditions as stated and set forth in any documents arising out of and in connection with the sale or lease of the product referred to in the Complaint.

10.     The extent to which United Rentals may be liable for indemnification and contribution is limited by the doctrine of sequential tortfeasors.

11.     Plaintiff's claims are barred because the methods, standards, and techniques utilized in formulating and manufacturing the product in question and in issuing warnings and instructions with respect to its use were in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was supplied by United Rentals.

12.     At this time, United Rentals does not know which if any, additional affirmative defenses may apply.  United Rentals has neither knowingly nor intentionally waived any applicable affirmative defenses.  If United Rentals later learns that additional affirmative defenses may apply, it will seek leave to amend its answer to raise such other affirmative defenses.

WHEREFORE, Defendant United Rentals prays for an Order dismissing with prejudice GEO's Third Party Complaint, dismissing with prejudice any and all claims GEO may have against United Rentals; awarding United Rentals its attorney fees and costs in defending this action; and awarding United Rentals any further relief the Court deems just and proper.

## CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST DEFENDANT UPRIGHT, INC.

United Rentals by and through its undersigned counsel of record, Rodey, Dickason, Sloan, Akin & Robb, P.A., submits the following Cross-Claim for Indemnification against Defendant Upright, Inc. ("Upright").  As grounds for this Cross-Claim, United Rentals states as follows:

1.     Plaintiff Robert Jackson ("Plaintiff") alleges that he suffered injuries and damages as a result of the acts or omissions of The GEO Group, Inc., d/b/a Guadalupe County Correctional Facility, Vincent Horton (Warden); and Santiago Chavez (Maintenance Supervisor)

(collectively "GEO Defendants") (*See generally* Pl's First Am. Compl. for Personal Injuries, Civil Rights Violations, and Strict Product Liability ("Complaint"), Counts III, IV, and V.)

2.      Plaintiff generally alleges that the GEO Defendants failed to properly operate, service, inspect, train employees, and maintain an Upright Man Lite Model UL40 (the "Lift") and failed to inform and/or warn the Lift operators of the dangers associated with its operation. (*See* Compl. Counts III, IV).

3.      Plaintiff alleges that Plaintiff had not been provided proper training, that the Lift was inoperable and that the manufacture, operating rules and procedures were not followed. (*Id*.)

4.      Plaintiff has asserted claims against the GEO Defendants on the theories of negligence and strict liability.

5.      The GEO Defendants have filed a third-party complaint for indemnification and contribution against United Rentals and Upright in the event that they are found liable to Plaintiff for his injuries.

6.      Upon information and belief, UpRight, Inc. ("UpRight") manufactured the Lift.

7.      Upon information and belief, UpRight is a corporation incorporated pursuant to the laws of the State of California with its principal place of business in California.

8.      The claims alleged in this Cross-Claim arise out of the same incident or occurrence that is the subject matter of Plaintiff's Complaint.

9.      United Rentals fully incorporates by reference Plaintiff's venue allegations in Plaintiff's Complaint.

10.     The sole allegation against United Rentals in this case is that it sold the Lift to the GEO Defendants.

11.    United Rentals did not participate in the design, manufacturing or testing of the Lift.

12.    While United Rentals is not aware of any defect in the lift, if Plaintiff is successful in his claims and the GEO Defendants are successful in their Third-Party Complaint, Defendant Upright should be required to defend and indemnify United Rentals under the Third Party Complaint against any judgment entered under a theory of common law or traditional indemnification.  *See Trujillo v. Berry*, 1987-NMCA-072, 106 N.M. 86, 738 P.2d 1331.

13.    Should the jury find United Rentals liable for indemnity to the GEO Defendants or in the event a judgment for damages is entered against United Rentals, including or otherwise obligating United Rentals to pay for damages resulting from the manufacture, distribution, or sale of a defective product or failure to inform and/or warn of a defective product manufactured, distributed or sold by Upright, United Rentals is entitled to indemnification, whether traditional, statutory, proportional or contractual, from Upright.

14.    Alternatively, in the event judgment is entered in favor of GEO on its Third Party Complaint, United Rentals is entitled to recover from Upright under a theory of contribution. *See* § 41-3-2 NMSA 1978.

15.    Should a jury find United Rentals liable for contribution to the GEO Defendants or in the event a judgment for damages is entered against United Rentals which includes or otherwise obligates United Rentals to pay for damages resulting from manufacture, distribution, or sale of a defective product or failure to inform and/or warn of a defective product manufactured, distributed or sold by Upright, United Rentals is entitled to recover from Upright under a theory of contribution, either under applicable principles of common law or the statutory right of contribution recognized in NMSA 1978 § 41-3-2.

10

WHEREFORE, based on the foregoing, United Rentals seeks entry of judgment or other judicial determination against Upright to determine the respective rights and liabilities of the parties, as well as an award of damages or other monetary recovery from UpRight for any share of liability or damages which may be attributed to United Rentals based on the sale of a defective product or failure to inform and/or warn of a defective product manufactured, distributed and sold by Upright, including an award of attorney's fees and costs incurred by United Rentals and such other and further relief as the Court deems proper.

Dated: March 24, 2017

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By    */s/ Leslie McCarthy Apodaca*
        Charles J. Vigil
        Leslie McCarthy Apodaca
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
cvigil@rodey.com
lapodaca@rodey.com
*Attorneys for Third-Party Defendant Cross-claimant*
*United Rentals, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   */s/ Leslie McCarthy Apodaca*
        Leslie McCarthy Apodaca